1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                          Plaintiff,

          v.

DEZI-RAY LOUIE,

                          Defendant.

CASE NO. CR12-016-RAJ

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED
VIOLATIONS OF SUPERVISED
RELEASE

INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on June 3, 2016.  The United States was represented by Tate London, and defendant was represented by Erin Newton, substituting for Peter Offenbecher.  The proceedings were digitally recorded.

CONVICTION AND SENTENCE

Defendant had been convicted on or about January 11, 2013, on a charge of involuntary manslaughter.  The Hon. Richard A Jones of this court sentenced defendant to 48 months of imprisonment, followed by three years of supervised release.  He served this term of imprisonment, and began his term of supervised release.

/ / /

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE - 1

<u>PRIOR  ALLEGED VIOLATIONS, AND MODIFICATIONS OF CONDITIONS</u>

On December 4, 2015, the court added a condition requiring placement at a Residential Reentry Center ("RRC") for up to 120 days because defendant had no viable release address. The court issued a warrant on January 23, 2016 based upon charges that defendant had failed to participate satisfactorily in the RRC program, and had used of methamphetamine and buprenofrine.  When defendant entered an inpatient facility, the court quashed the warrant on April 21, 2016, and defendant continued on supervised release.

<u>PRESENTLY ALLEGED VIOLATIONS AND<br>DEFENDANT'S ADMISSIONS</u>

In applications dated April 28, and June 1, 2016, USPO Analiese Johnson alleged that defendant violated the conditions of supervised release in five respects:

1.   Absconding from the RRC on January 23, 2016;

2.  Use of methamphetamine on or before December 30, 2015;

3.  Use of buprenophrine on or before January 10, 2016;

4.  Use of methamphetamine on or before January 22, 2016; and

5.  Use of heroin and methamphetamine on or before May 16, 2016.

I advised defendant as to these charges and as to his constitutional rights.  He admitted all of these alleged violations, waived any hearing as to whether they occurred, and consented to having the matter set for a disposition hearing before Judge Jones.

<u>RECOMMENDED FINDINGS AND CONCLUSIONS</u>

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release in the five respects alleged, and conduct a disposition hearing.  The court has not set a definite date for that hearing, as the parties have agreed it should

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE - 2

be at least sixty days after the date of the initial appearance (not earlier than August 2, 2016).

Defendant responded to a summons to appear for the initial hearing on revocation. Pending disposition, defendant has been released on a recognizance bond which also incorporates all the conditions of his supervised release.  The bond also requires that defendant continue to reside at the Recovery House at the Muckleshoot Reservation, and follow all of its rules and regulations.  Both parties and the U.S. Probation Office agreed to his release on these conditions.

DATED this <u>3rd</u> day of June, 2016.


s/ John L. Weinberg
United States Magistrate Judge


cc:   Sentencing Judge          :     Hon. Richard A. Jones
      Assistant U.S. Attorney   :     Tate London
      Defense Attorney          :     Erin Newton
                                      Peter Offenbecher
      U. S. Probation Officer   :     Analiese Johnson

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED
VIOLATIONS OF SUPERVISED RELEASE
PAGE - 3